UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| **SCHAEFFLER GROUP USA,** | : | |
| Plaintiff, | : | Court No. 24-00195 |
| v. | : | |
| **UNITED STATES,** | : | |
| Defendant. | : | |

**MOTION TO SET ASIDE DISMISSAL AND REOPEN CASE**

Pursuant to Rules 6(b) and Rule 83 of the United States Court of International Trade, counsel for Plaintiff respectfully request that the Court grant this motion to (1) set aside the Court's order dismissing this case for failure to prosecute, ECF No. 10; (2) reopening this case; and (3) for an extension of time in which this case may remain on the Customs Case Management Calendar until and including May 10, 2027. On November 5, 2026, counsel for the United States stated that it leaves this motion to the discretion of the Court.

Rule 6(b)(1) allows the Court to extend the time in which an act must be done for good cause. The primary consideration for finding good cause is diligence. *United States v. Horizon Prods. Int'l, Inc.,* 38 CIT 1883, 1885, 34 F. Supp. 3d 1365, 1367 (2014). Moreover, good cause requires that the Court consider whether the requested extension would cause prejudice to the non-moving party. S*hamrock Bldg. Materials, Inc. v. United States*, 540 F. Supp. 3d 1351, 1353 (Ct. Int'l Trade 2021).

Good cause exists for granting the requested extension. Counsel for the Plaintiff has acted diligently throughout the process of attempting to resolve this case by an agreed stipulation. We have communicated with and provided documentation to counsel for the United States in a good-

faith effort to resolve this matter through a stipulated judgment. Beginning in February of 2025, Plaintiff proposed the settlement of this matter and provided a draft stipulation and supporting materials detailing the calculation of the requested refund. Starting in March of 2025, counsel for the plaintiff provided data supporting the proposed stipulation and responded to defendant's requests for changes. In August of 2025, in response to feedback from Defendant, Plaintiff provided updated data in support of the proposed stipulation. On October 17, 2025, Counsel for the Plaintiff followed up with counsel for the United States seeking an update on CBP's review. On August 8, 2026, we forwarded another revised proposed stipulation incorporating feedback from the Defendant to counsel for the Defendant. These circumstances and the forward progress toward possible settlement establish diligence and, therefore, good cause.

Rule 6(b)(1)(B) states that when a motion is made after the time for the required action has expired, the Court may grant the requested extension if the delay resulted from excusable neglect or circumstances beyond the control of the party. The Court considers excusable neglect by "taking account of all relevant circumstances surrounding the party's omission." *Home Prods. Int'l, Inc. v. United States*, 31 Ct. Int'l Trade 1706, 1709, 521 F. Supp. 2d 1382, 1385 (2007)(citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 308, 395 (1993)). The relevant considerations are:

1. The possibility of prejudice to the other party;
2. The length of the delay and its impact on the proceedings;
3. The reason for the delay and whether it was within the control of the movant; and
4. Whether the movant acted in good faith.

*Id.*

There is no prejudice to the Defendant as there is no material delay in the progress of this case. Counsel for the plaintiff prepared a motion and supporting documents on the day the case was dismissed and filed it within days.[1] The small delay in making the request and the early stage of litigation indicate that there is no prejudice to the United States. While the delay was in the control of the movant, the dismissal was the result of an excusable error in calendaring. Finally, throughout the course of this matter, counsel for Schaeffler worked in good faith toward a settlement of this matter and understood there to be a genuine likelihood of a mutually agreed stipulation.

Reinstating this case and providing the requested additional time to remain on the Customs Case Management Calendar will not disrupt the progress of this case and may permit a stipulation to resolve the case. Granting this motion, therefore, also supports the goals of judicial efficiency.

Respectfully submitted,

**BARNES, RICHARDSON & COLBURN, LLP**
By:

/S/Lawrence M. Friedman
Lawrence M. Friedman

303 East Wacker Drive
Suite 305
Chicago, Illinois 60601
O: 312 297-9554
M: 847 331-5797

lfriedman@barnesrichardson.com

[1] After consultation with the Court, counsel resubmitted the motion to explicitly request that the case be re-opened rather than as an extension of time. That was done within a day of the dismissal.